Amendment

5/16/08 10:30 AM

UNITED STATES DISTRICT COURT
NEWARK, NEW JERSEY

Phyllis ATKinson

PLAINTIFF(S)

- vs -

CIVIL NO 06-5485 (PGS)

North Jersey Developmental

DEMAND FOR TRIAL BY JURY

YES [X] NO [ ]
(CHECK ONE BOX ONLY)

COMPLAINT

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5 (g).

2. Plaintiff(s) resides at 317 E 36th
Street Address

Paterson, Passaic, NJ
City, County, State

973-279-8111 - 973-460-0382
Phone Number

3. Defendant(s) lives at, or its business is located at 1169 Minisink Rd
Street Address

Totowa, Passaic, N.J,
County State

973-256-1700.
Phone Number

4. Please state the address at which you sought employment ToTowa,
City

Passac, N.J.
County State

5. State as nearly as possible when the discriminatory acts occurred:

________, September, 04.
Day Month Year

5a. If practice is continuing check the appropriate box:

________ YES ________ NO (circled)

6. State as nearly as possible when you filed charges with the N.J. Division on Civil Rights regarding defendant's alleged discriminatory conduct:

9, September, 2005.
Day Month Year

7. State as nearly as possible when you filed charges with the Equal Employment Opportunity Commission regarding defendants alleged discriminatory conduct: 9,
Day

September 2005.
Month Year

8. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to Sue letter which was received by you on

18, August, 2005.
Day Month Year

(Note: Please attach Notice-of-Right-to Sue letter to this Complaint)

9. The acts complained by you, in this suit, concern:

A. ________ Failure to employ you.

B. ________ Termination of your employment.

C. ________ Failure to promote you.

D. ✓ Other acts (please specify) Retaliation Racism Harrassment hostile work environment

See attached for factual alleg.

10. Defendant's conduct is discriminatory with respect to which of the following:

A. ✓ Your race

B. ________ Your Color

C. ________ Your Sex

D. ________ Your Religion

E. ________ Your National Origin

11. A Copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of your claim.

12. If relief is not granted, plaintiff will be irreparably denied rights secured by the Title VII of the Civil Rights Act of 1964, as amended.

13. Plaintiff(s) has no adequate remedy at law to redress the wrongs described above.

WHEREFORE, Plaintiff(s) prays (check appropriate letter(s) as follows):

A. __________ That all fees, costs or security attendant to this litigation be hereby waived pursuant to affidavit of indigence submitted herewith.

B. __________ That the Court grant such relief as may be appropriate, including injunctive orders, damages and costs.

C. __________ That a trial by jury is/is not hereby demanded by the plantiff.
(Circle one)

SIGNATURE OF PLAINTIFF

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Phyllis Atkinson**
**317 E. 30th Street**
**Paterson, NJ 07504**

From: **Newark Area Office - 524**
**1 Newark Center**
**21st Floor**
**Newark, NJ 07102**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| **171-2005-01365** | **Jose G. Rosenberg, Supervisory Investigator** | **(973) 645-6021** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Corrado Gigante
Director

AUG 18 2006
(Date Mailed)

Enclosures(s)

cc: STATE OF NEW JERSEY
Office of the Attorney General
Gerard Hughes, Deputy Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625

Case 2:06-cv-05485-PGS-ES Document 1 Filed 11/16/2006 Page 6 of 7

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA
[X] EEOC 171-2005-01365

2005 SEP -9 AM 10:57 New Jersey Division On Civil Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Phyllis Atkinson | (973) 279-8111 | 08-17-1956 |

Street Address / City, State and ZIP Code

317 E. 30th Street, Paterson, NJ 07504

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| NORTH JERSEY DEVELOPMENTAL CENTER | 500 or More | (973) 256-1700 |

Street Address / City, State and ZIP Code

169 Minisink Road, Totowa, NJ 07511

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 02-14-2005 | 06-01-2005 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I have been employed with the above named employer since August 12, 1980. I was hired as an Assistant Human Services. My official title is Principal Clerk Transcriber. I am currently on sick leave because of the harassment and terms & conditions of employment that I have been subjected to.**

**Beginning on or around 2004, when Carol Wolke, Assistant Director of Nursing (ADON) became my immediate supervisor until a replacement was hired for my former supervisor, my working environment changed to a hostile environment. I have been harassed and threatened by Ms. Wolke. I have complained about the treatment from Ms. Wolke but no action is taken.**

**In September 2004, Ms. Wolke reduced my PAR rating but increased the PAR of my White counterpart(s). In December 2004, I was threatened when Ms. Wolke stated, ""I'll fix you; I'll get you one way or another". I have been denied time off that had been submitted far in advance. On February 14, 2005, I received a RED A, allegedly because I did not call/show for work. I filed a grievance which was acted upon and the charges were dismissed. I went out of work on sick leave from March 2005, until June 1, 2005. When I returned, all of my job duties/responsibilities were taken from me.**

**I believe that I have been discriminated against because of my race (Black), and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT [signature]

Sep 09, 2005 [signature]

*Date* *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

9 September 2005 [signature]

Case 2:06-cv-05485-PGS-ES Document 1 Filed 11/16/2006 Page 7 of 7

Date 2/2011

# DISCRIMINATION COMPLAINT PROCESSING FORM

NEW JERSEY DEPARTMENT OF PERSONNEL

**INSTRUCTIONS:** To be filed with the Affirmative Action Officer or authorized designee for the State department / agency where you work or applied for employment.

**Read reverse side before completing form.**

| 1. Name: PHYLLIS ATKINSON | 2. Social Security Number: 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 | 3. Telephone (work): 973-256-1700 X4146 |
|---|---|---|
| 4. Job Title: PRINCIPAL CLERK TRAN | 5. Department: NURSING | 6. Telephone (Home): 973-279-8111(H) 973-460-0382(C) |

7. Home Address:

8. Exact date(s) of discriminatory action(s): 11/04 . 12/04 . 4/04

9. Basis of Discrimination:

- [X] Race
- [ ] Color
- [ ] Sex
- [ ] National Origin
- [ ] Religion
- [ ] Creed
- [ ] Age
- [ ] Marital status
- [ ] Ancestry
- [ ] Disability
- [ ] Sexual Harassment
- [ ] Affectional/Sexual Orientation
- [ ] Reprisal (from having filed a discrimination complaint)

10. Explain why you feel you have been discriminated against *(include the name and title of person(s) you believe discriminated against you)*

**YOU HAVE THE BURDEN OF PROVING YOUR CHARGE OF DISCRIMINATION:**

ARTICLE 2
A. NON-DISCRIMINATION
see attached

11. Appellant's Signature: [signature] Date: 3/29/05

[ ] ADDITIONAL SHEETS ATTACHED

12. Have you filed a discrimination complaint with the
- N.J. Division on Civil Rights? [ ] YES [X] NO
- U.S. Equal Employment Opportunity Commission? [ ] YES [X] NO

13. Have you filed a grievance on the issues / personnel actions described? [X] YES [ ] NO

DO NOT WRITE BELOW THIS LINE

A.A. Officer Signature: ____________ Date Received: ____________

DPF-481 Revised 10-23-96/P:/forms

DISTRIBUTION: Original WHITE copy for AA Officer, or authorized designee YELLOW for EEO/AA, PINK for Complainant

NEW JERSEY DEPARTMENT OF PERSONNEL

Shaping a quality workforce through competence, caring and commitment.

Christine Todd Whitman, Governor — Linda M. Anselmini, Commissioner

**THE PARTIES**

2. Plaintiff Phyllis Atkinson, an African American female, is a resident of the state of New Jersey residing at 317 East 30th Street, Paterson, New Jersey 07504.

3. Defendant North Jersey Developmental Center is an institution for mentally disabled located at 169 Minisink Road, Totowa, New Jersey 07511.

**FACTUAL ALLEGATIONS**

4. Plaintiff began working for the defendant in August 1980 as a Direct Care Staff.

5. During the 27 years of employment with North Jersey Developmental Center, plaintiff was promoted and received a satisfactory or above satisfactory score on her work performance reviews.

6. In the last 14 years of her employment with North Jersey Developmental Center, plaintiff worked as a Principal Clerk Transcriber position maintaining medical trips and policy and procedures, time sheets etc.

7. In the fall of 2004 plaintiff began reporting to a new acting supervisor Ms. Carole Wolke, a Caucasian women.

8. During that time the plaintiff began experiencing a hostile working environment, which was created by Ms. Wolke.

9. Ms. Wolke decreased the plaintiff's Performance Assessment Review Rating while increasing her counterparts who were not African American.

10. During that time the plaintiff reported to the Director of Nursing Ms. Roxanne Lotts and made an informal complaint of being discriminated by Ms. Carole Wolke.

11. In addition, throughout the time that plaintiff made her complaint against Ms. Wolke, she made plaintiff's life miserable by verbally threatening her I'll fix you; I'll get you one

**way or another"** and plaintiff was treated differently than her counterparts who were not African American.

12. For example, in November of 2004 plaintiff requested vacation time off, which was denied by Ms. Carole Wolke while counterpart's vacations were, approved who were not African American.

13. In 2005, in light of the ongoing problems, plaintiff initiated a job transfer to another position, reporting to a different supervisor.

14. After many unsuccessful attempts on plaintiff's part to resolve hostile working environment, as well as plaintiff's concerns of discrimination, plaintiff filed a formal complaint.

15. Following plaintiff's complaint, Ms. Carole Wolke brought a formal charge of dictionary action, which she believed to be unwarranted.

16. In addition, following plaintiff's complaint, plaintiff continued to be harassed by Ms. Carole Wolke.

17. Based on the defendant's failure to address the defendant's concern of discrimination and retaliation, on or about 2006, plaintiff filed a formal complaint of discrimination and retaliation with defendant's EEO office.

18. Following, she filed with the EEOC

19. Prior to plaintiff filing formal and informal complaints of discrimination, hostile work environment, retaliation and harassment plaintiff had started experiencing mental and physical health issues leading to a medical leave of absence.

COUNT ONE

(Retaliation in Violation of the New Jersey Law Against Discrimination)

20. Plaintiff restates and incorporates paragraphs 1 through 19 as if fully stated herein.

21. Defendant retaliated against plaintiff for filing a form complaint of discrimination with defendant's Equal Employment Office, by relinquishing plaintiff's job duties and giving plaintiff's duties to a white counterpart with an increase in pay.

22. Defendant's retaliation against plaintiff violates the provision of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

23. In retaliating against plaintiff, defendant has caused plaintiff to suffer a loss pension reduction in wages and loss of medical benefits, plaintiff suffered severe and disabling emotional distress.

**COUNT TWO**

(Race Discrimination in Violation of the
New Jersey Law Against Discrimination)

24. Plaintiff restates and incorporates paragraphs 1 through 23 as if fully stated herein.

25. In terminating plaintiff's job duties in retaliation defendant has discriminated against plaintiff on account of her race in violation of the New Jersey Law Against Discrimination.

26. By engaging in the above-referenced conduct, the defendant violated plaintiff's right to be free of discrimination in violation of the New Jersey Law Against Discrimination.

27. As a direct and proximate result of defendant's violation of the NJLAD, plaintiff has suffered a loss of wages and benefits and severe emotional distress damage.

**RELIEF REQUESTED**

Wherefore, plaintiff demands judgment against the defendant and request the following relief:

a. Order that defendant make plaintiff whole for all losses she has suffered, still suffers, and will suffer in terms of benefits, insurance and pension coverage, and any other fringe benefits of their employment.

b. Award plaintiff compensatory damages for the injuries, including, emotional distress, suffered as a result of defendant's retaliation against plaintiff; discrimination and retaliation against plaintiff in violation of the New Jersey Law Against Discrimination'

c. Award plaintiff punitive damages on the grounds of upper management's actual participation in and/or willful indifference to defendant's discrimination against plaintiff;

d. Award plaintiff fees and costs incurred by the need to bring this litigation; and

e. Grant plaintiff such relief as the Court deems just and proper.

PHYLLIS ATKINSON, PRO SE

By: ______________________

PHYLLIS ATKINSON, PRO SE

Dated: May 16, 2008

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

**PHYLLIS ATKINSON, PRO SE**
317 EAST 30TH STREET
PATERSON, NJ 07504

By: Phyllis Atkinson
Pro Se, Plaintiff
973-460-0382

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

---

PHYLLIS ATKINSON

v.

NORTH JERSEY DEVELOPMENTAL CENTER AND CAROLE WOLKE,

HONORABLE PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE

**Civil Action** 06-5485 (PGS)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

**INTRODUCTORY STATEMENT**

1. Plaintiff, Phyllis Atkinson, brings this civil rights action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (NJLAD) to remedy retaliation and discrimination against her on account of her race. Plaintiff alleges that her former employer, defendant, North Jersey Developmental Center, and Carole Wolke through its representatives and agents, subjected her to retaliation after she filed both informal and formal complaints of discrimination with the Director of Nursing Services for North Jersey Developmental Center Roxanne Lotts. Plaintiff further alleges that her former employer, North Jersey Developmental Canter and Carole Wolke unlawfully discriminated against her on account of her race in violation of N.J.S.A. 10:5-1 et seq.

PHYLLIS ATKINSON – PRO SE

By: [signature]

PHYLLIS ATKINSON

Dated: May 16, 2008