ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey  08625-0112
Attorney for Defendants
  North Jersey Developmental Center and
  Carole Wolke

By:    Noreen P. Kemether (NPK 9583)
       Deputy Attorney General
       (609) 633-8399
       noreen.kemether@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | | |
|---|---|---|
| PHYLLIS ATKINSON, | : | HONORABLE PETER G. SHERIDAN |
| | : | United States District Judge |
| Plaintiff, | : | |
| | : | Civil Action No. 06-5485 (PGS) |
| v. | : | |
| | : | **Civil Action** |
| NORTH JERSEY DEVELOPMENTAL | : | |
| CENTER and CAROLE WOLKE, | : | DEFENDANTS' ANSWER TO |
| | : | PLAINTIFF'S COMPLAINT AND AMENDED |
| Defendants. | : | COMPLAINT |
| | : | |

Defendants, North Jersey Developmental Center ("NJDC") and Carole Wolke, hereinafter referred to as "Defendants" by way of Answer to Plaintiff's Complaint and Amended Complaint,[1]

---

[1] Plaintiff timely submitted an Amended Complaint after this Court dismissed Plaintiff's Complaint without prejudice on April 22, 2008.  Plaintiff's latest submission contains two sets of Complaints: 1) the originally filed Complaint alleging violations of Title VII of the Civil Rights Act of 1964; and 2) the newly submitted Complaint alleging violations of the New Jersey Law Against Discrimination.  Defendants shall respond to both Complaints with the within submitted Answer.

state:

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST COMPLAINT

1. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

2. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore leave Plaintiff to her proofs.

3. Admitted.

4. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore leave Plaintiff to her proofs.

5. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

5a. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

6. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

7. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

8. Denied. The E.E.O.C. dismissed Plaintiff's charge on August 18, 2006. It appears from the documentation provided that a "Notice of Suit Rights" was issued on the same date.

9. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

10. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

11. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

12. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

13. Denied.

**WHEREFORE**, Defendants demand judgment in its favor on all claims and an order dismissing Plaintiff's Complaint with prejudice, and any other further relief the Court deems equitable and just, including but not limited to payment of attorney's fees and reimbursement of all costs.

## DEFENDANTS' ANSWERS TO PLAINTIFF'S AMENDED COMPLAINT

### INTRODUCTORY STATEMENT

1. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

2. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint and therefore leave Plaintiff to her proofs.

3. Admitted.

### FACTUAL ALLEGATIONS

4. Denied. Plaintiff commenced work for Defendant NJDC in August 1980 as a Building Maintenance Worker.

5. Admitted in part; denied in part. Admitted that Plaintiff received a promotion. The

balance of the allegations is denied.

6. Admitted in part; denied in part. Plaintiff was a Principal Clerk Transcriber for the last thirteen years of her employment with Defendant NJDC. The balance of the allegations is denied.

7. Admitted.

8. Denied.

9. Admitted in part; denied in part. Admitted that Defendant Wolke decreased Plaintiff's Performance Assessment Review rating based upon Plaintiff's work performance. The balance of the allegations is denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted in part; denied in part. Admitted only that Plaintiff filed a complaint. The balance of the allegations is denied.

15. Denied.

16. Denied.

17. Admitted in part; denied in part. Admitted only that Plaintiff filed a "Discrimination Complaint Processing Form" in March 2005. The balance of the allegations is denied.

18. As constructed, Paragraph 18 of Plaintiff's Amended Complaint is incomplete. In the event that the allegation is deemed directed at Defendants, the allegation is denied.

19. Denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint and therefore leave

Plaintiff to her proofs.

## COUNT ONE

20. Defendants restate and incorporate paragraphs 1 through 19 of Plaintiff's Amended Complaint as if fully stated herein.

21. Denied.

22. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

23. Denied.

**WHEREFORE**, Defendants demand judgment in its favor on all claims and an order dismissing Plaintiff's Amended Complaint with prejudice, and any other further relief the Court deems equitable and just, including but not limited to payment of attorney's fees and reimbursement of all costs.

## COUNT TWO

24. Defendants restate and incorporate paragraphs 1 through 23 of Plaintiff's Amended Complaint as if fully stated herein.

25. Denied.

26. Denied. The averments in this paragraph are denied as a conclusion of law to which no response is required.

27. Denied.

**WHEREFORE**, Defendants demand judgment in its favor dismissing Plaintiff's Amended Complaint with prejudice, together with an award for attorney's fees, costs and expenses.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The service of the Summons, Complaint, and Amended Complaint upon the Defendants was insufficient.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and Amended Complaint fail to set forth a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and Amended Complaint fail to seek any relief against the named Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter and/or the Defendants in this action.

### FIFTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata and/or entire controversy and/or issue preclusion.

### SEVENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of a prior judgment or settlement arising out of the same transaction as set forth in N.J.S.A. 59:9-6.

### EIGHTH AFFIRMATIVE DEFENSE

The Court should not exercise jurisdiction over the Plaintiff's claims because the Plaintiff has failed to exhaust State and/or administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any right, privilege or immunity secured to the Plaintiff by the United States Constitution or any Act of Congress.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any right, privilege or immunity secured to the Plaintiff by the Constitution and laws of the State of New Jersey.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants herein did not know, and were not reasonably expected to know, that any actions taken by the Defendants with respect to this Plaintiff, at all relevant times, were in violation of the Plaintiff's constitutional rights.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants acted at all relevant times with good faith and without any fraud or malice.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not guilty of negligence and violated no duty to the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the Plaintiff were the result of the actions of persons and/or entities over whom the Defendants had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants herein are a public entity of the State of New Jersey and at all times were acting pursuant to the lawful authority invested in it by the State.  All acts so performed were the result of the appropriate exercise of the Defendants' discretion.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any actions taken by Defendants were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2 and accordingly no liability may be imposed upon the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from suit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint and Amended Complaint are barred by the Eleventh Amendment of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to, but not limited to the provisions of N.J.S.A. 59:1-1, et seq.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint and Amended Complaint, and the proceedings resulting therefrom, and any recovery resulting therefrom is barred, limited, and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any recovery to which the Plaintiff may be entitled against Defendants is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Recovery is barred by the failure of the Plaintiff to give timely notice of claim or to present a claim in accordance with N.J.S.A. 59:8-1 et seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Recovery is barred by the failure of the Plaintiff to give timely notice of a contractual claim or to present a contractual claim in accordance with N.J.S.A. 59:13-1 et seq.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

All personnel actions taken with regard to the Plaintiff were done for legitimate business reasons.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

All common-law causes of action are barred by N.J.S.A. 34:15-8.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants took prompt and remedial action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants have a policy against discrimination, harassment and retaliation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants thoroughly investigated the Plaintiff's complaints.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, are barred because the Plaintiff has failed to mitigate damages.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited, and/or controlled by the provisions of the New Jersey Worker's Compensation Act, N.J.S.A. 34:15-1, et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### JURY DEMAND

Defendants demand a trial by jury on all issues in the case.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or Amended Complaint and/or for summary judgment, on the ground that the Complaint and/or Amended Complaint fail to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that Noreen P. Kemether, Deputy Attorney General, is hereby designated as trial counsel.

### CERTIFICATION PURSUANT TO L.Civ.R. 11.2

Following my initial review of this matter, it appears there are no other actions or arbitrations related to this suit pending or presently contemplated. Additionally, based upon my initial review of this matter, it appears there are no other persons who should be joined as parties.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to L.Civ.R. 8.1, Defendants hereby request that, within ten days after service of this Answer, Plaintiff furnish a written statement of damages claimed.

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY


By:   /s/Noreen P. Kemether (NK9583)
      Noreen P. Kemether
      Deputy Attorney General


DATED: June 27, 2008