**PHYLLIS ATKINSON, PRO SE**
317 East 30th Street
Paterson, New Jersey 07504

RECEIVED-CLERK
U.S. DISTRICT COURT

2009 MAR -5 P 2: 57

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYLLIS ATKINSON | |
| Plaintiff, | CIVIL ACTION NO. 06-5485 (PGS) |
| vs. | |
| NORTH JERSEY DEVELOPMENTAL CENTER AND CAROLE WOLKE | SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY |
| Defendants. | |

## INTRODUCTORY STATEMENT

1. Plaintiff, Phyllis Atkinson, brings this civil rights action under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended and under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (hereinafter "NJLAD") to remedy harassment, discrimination and retaliation against her on account of her race. Plaintiff alleges that her former employer, defendant NJDC, by and through her former supervisor, Wolke, subjected her to harassment and retaliation after she filed both informal and formal complaints of discrimination with the Director of Nursing Services for NJDC Roxanne Lotts. Plaintiff further alleges that her former employer, by and through her former supervisor, Wolke, unlawfully discriminated against her on account of her race in violation of Title VII and the NJLAD.

## JURISDICTION

2. Jurisdiction is confirmed on this by 29 U.S.C. § 185.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1).

## PARTIES

4. Plaintiff, Phyllis Atkinson, was at all times relevant herein, an African American citizen of the United States of America and a resident of the State of New Jersey who resided at 317 East 30th Street, Paterson, New Jersey 07504.

5. Defendant, North Jersey Developmental Center (hereinafter referred to as "NJDC"), upon information and belief is a New Jersey public entity and is an institution for the mentally disabled located at 169 Minisink Road, Totowa, New Jersey 07511.

6. Defendant, Carole Wolke (hereinafter referred to as "Wolke"), upon information and is a Caucasian supervisor at NJDC and was a supervisor of plaintiff during plaintiff's employment with NJDC.

## FACTUAL ALLEGATIONS

7. Plaintiff began working for the defendant in August 1980 as a Direct Care staff member. Plaintiff was hired as an Assistant Human Services. Her official title was Principal Clerk Transcriber.

8. During the 27 years of employment with North Jersey Developmental Center, plaintiff was promoted and received a satisfactory or above satisfactory score on her work performance reviews.

9. In the last 14 years of her employment with North Jersey Developmental Center, plaintiff worked as a principal clerk transcriber position maintaining and facilitating medical trips for approximately 475 clients, and doing other tasks such as following policies and procedures, time sheets, etc.

10. In the fall of 2004, plaintiff began reporting to a new acting supervisor, Ms. Carole Wolke, a Caucasian woman. Defendant, Wolke was Assistant Director of Nursing (ADON) and became plaintiff's immediate supervisor.

11. During that time, the plaintiff began experiencing a hostile work environment, which was created by Wolke.

12. Wolke decreased the plaintiff's performance assessment review rating while increasing her counterparts who were not African American.

13. During that time the plaintiff reported to the Director of Nursing Ms. Roxanne Lotts.

14. On or about September 2004, plaintiff made an informal complaint with Ms. Roxanne Lotts that she was being discriminated by Wolke. NJDC by and through its agent, servant, employee Ms. Roxanne Lotts took no action in response to plaintiff's informal complaint.

15. Thereafter, Wolke learned about the informal complaint that plaintiff made with Director of Nursing Ms. Lotts. Thereafter, Wolke made plaintiff's life miserable by verbally threatening her by stating "I'll fix you" or "I'll get you one way or another" and through other acts or threats of retaliation. Additionally, throughout this time, plaintiff continued to observe that Wolke continued to treat her differently than her office counterparts who were not African American.

16. For example, in November of 2004 plaintiff requested vacation time off. This request was denied by Ms. Carole Wolke, even though it was submitted far in advance. Additionally, plaintiff alleges that the vacation requests of plaintiff's non-African American counterparts were approved by defendant, Wolke.

17. On February 14, 2005, plaintiff received a Red A, allegedly because she did not call or show up for work. A Red A is a type of reprimand and upon information and belief, if an employee of NJDC receives three of these Red As in his or her personnel file, then that employee's employment will be terminated. Plaintiff contends that this disciplinary action taken by defendant, Wolke was a malicious act of retaliation for plaintiff's complaint to Ms. Lotts.

18. In 2005, in light of the ongoing problems, plaintiff initiated a job transfer to another position so that she would be reporting to a different supervisor. Plaintiff's request for a transfer was never responded to by NJDC.

19. After many unsuccessful attempts on plaintiff's part to resolve the hostile working environment, as well as plaintiff's concerns of discrimination, plaintiff filed a formal complaint.

20. Shortly following plaintiff's complaint, defendant Wolke brought a formal charge of disciplinary action against plaintiff, which plaintiff contends was totally unwarranted and was brought solely to retaliate against plaintiff for making a complaint with Director Lotts and for bringing a formal complaint.

21. In addition, following the filing of plaintiff's complaint, plaintiff continued to be harassed, discriminated against and retaliated against by defendant, Wolke.

22. Based on the defendant's failure to address plaintiff's concerns of discrimination and retaliation, on or about 2006, plaintiff filed a formal complaint of discrimination and retaliation with the defendant's EEO office.

23. Plaintiff also filed with the EEOC and New Jersey Division On Civil Rights on or about September 2005.

24. Plaintiff contends that she sustained emotional injuries as a result of the harassment, discrimination and retaliation directly and proximately caused by defendants Wolke and NJDC. Plaintiff asserts that the wrongful actions of defendants caused plaintiff to be out of work from March 2005 through June 1, 2005.

25. Thereafter plaintiff returned to work on June 1, 2005 and remained employed by NJDC until September 1, 2007. Plaintiff contends that upon her return to work on June 1, 2005 and until she ended her employment on September 1, 2007, all of her job duties/responsibilities were taken away from her.

26. The defendants failed to comply with their duty under Title VII and NJLAD to take all reasonable and necessary steps to eliminate racial discrimination from the workplace and to prevent it from occurring in the future.

27. As a direct and proximate result of the defendants' willful, knowing and intentional discrimination against her, the plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

28. Defendant, NJDC., through its supervisor and agent, Carole Wolke, perpetrated the racial discrimination and thereby had actual and constructive knowledge of the conduct described in the paragraphs herein.

29. The outrageous conduct of the defendants as described above was done with willful indifference to the plaintiff's rights, and with the intent, design and purpose of injuring her. By reason thereof; Plaintiff is entitled to punitive damages from Defendants NJDC and Wolke in a sum according to proof at trial.

## FIRST COUNT

## TITLE VII RETALIATION

30. Plaintiff, Phyllis Atkinson, repeats paragraphs 1 through 30 of this complaint and all allegations within those paragraphs as if set forth at length herein.

31. The acts and practices of defendants NJDC and Wolke constitute violations within the meaning of Title VII, Civil Rights Act of 1964, 42 U.S.C. sec. 2000(e), et seq.

32. As the aforementioned examples show, plaintiff contends that defendants NJCD and Wolke retaliated against plaintiff for filing informal and formal complaints of discrimination with defendants' Equal Employment Office and thereafter with the NJ Division On Civil Rights and the EEOC. Additionally, plaintiff contends that for the last two years of her employment, in retaliation for her filing her complaints defendant forced her to relinquish all of her job duties and responsibilities to a Caucasian counterpart.

33. Defendants' retaliation against plaintiffs violates the provisions of Title VII.

34. The actions by defendants and against plaintiff has caused plaintiff to suffer a monetary loss in the reduction of her pension, loss of her medical benefits and has caused plaintiff to suffer severe and disabling emotional distress.

## SECOND COUNT

## TITLE VII RACE DISCRIMINATION

35. Plaintiff, Phyllis Atkinson, repeats paragraphs 1 through 35 of this complaint and all allegations within those paragraphs as if set forth at length herein.

36. In taking away plaintiff's job duties and responsibilities in retaliation, defendants had discriminated against plaintiff on account of her race in violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. sec. 2000(e), et seq.

37. Plaintiff contended that she acted on a good faith belief when she went to Ms. Lotts to raise a complaint of race discrimination against defendant Wolke. The good faith basis of her informal complaint was that on several occasions Wolke treated plaintiff's Caucasian counterparts in a more favorable manner than the way that Wolke treated her.

38. By engaging in the above referenced conduct, defendants JJDC and Wolke violated plaintiff's right to be free of discrimination.

39. As a direct and proximate result of defendant's violation of Title VII, plaintiff has suffered a loss of wages, benefits and severe emotional distress damages.

## THIRD COUNT

## NJLAD RETALIATION

40. Plaintiff, Phyllis Atkinson, repeats paragraphs 1 through 40 of this complaint and all allegations within those paragraphs as if set forth at length herein.

41. The acts and practices of defendants NJDC and Wolke constitute violations within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

42. As the aforementioned examples show, plaintiff contends that defendants NJCD and Wolke retaliated against plaintiff for filing informal and formal complaints of discrimination with defendants' Equal Employment Office and thereafter with the NJ Division On Civil Rights and the EEOC. Additionally, plaintiff contends that for the last two years of her employment, in retaliation for her filing her complaints defendant forced her to relinquish all of her job duties and responsibilities to a Caucasian counterpart.

43. Defendants' retaliation against plaintiffs violates the provisions of the NJLAD.

44. The actions by defendants and against plaintiff has caused plaintiff to suffer a monetary loss in the reduction of her pension, loss of her medical benefits and has caused plaintiff to suffer severe and disabling emotional distress.

## FOURTH COUNT

## NJLAD VII RACE DISCRIMINATION

45. Plaintiff, Phyllis Atkinson, repeats paragraphs 1 through 45 of this complaint and all allegations within those paragraphs as if set forth at length herein.

46. In taking away plaintiff's job duties and responsibilities in retaliation, defendants had discriminated against plaintiff on account of her race in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

47. Plaintiff contended that she acted on a good faith belief when she went to Ms. Lotts to raise a complaint of race discrimination against defendant Wolke. The good faith

basis of her informal complaint was that on several occasions Wolke treated plaintiff's Caucasian counterparts in a more favorable manner than the way that Wolke treated her.

48. By engaging in the above referenced conduct, defendants JJDC and Wolke violated plaintiff's right to be free of discrimination.

49. As a direct and proximate result of defendant's violation of the NJLAD, plaintiff has suffered a loss of wages, benefits and severe emotional distress damages.

## PRAYER FOR RELIEF

50. Plaintiff, Phyllis Atkinson, repeats paragraphs 1 through 49 of this Complaint and all allegations within those paragraphs as if set forth at length herein.

WHEREFORE, plaintiff, Phyllis Atkinson, respectfully requests judgment against the defendants, jointly and severally for

a. Order that defendants make plaintiff whole for all losses she has suffered, still suffers, and will suffer in terms of benefits, insurance and pension coverage and any other fringe benefits of their employment;

b. Award plaintiff compensatory damages for the injuries, including, emotional distress, suffered as a result of defendants' retaliation against plaintiff;

c. Award plaintiff punitive damages on the grounds of upper management's actual participation in and/or willful indifference to defendants' discrimination against plaintiff;

d. Award plaintiff fees and costs incurred by the need to bring this litigation; and

e. Grant plaintiff such relief as the Court deems just and proper.

PHYLLIS ATKINSON, PRO SE

By: _____

PHYLLIS ATKINSON, PRO SE

Dated: March 5, 2009

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury for all issues so triable.

PHYLLIS ATKINSON, PRO SE

Dated: March 5, 2009