UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYLLIS ATKINSON,<br><br>            Plaintiff<br><br>v.<br><br>NORTH JERSEY DEVELOPMENTAL CENTER and CAROLE WOLKE<br><br>            Defendants. | Civil Action No.: 06-cv-5485 (PGS)<br><br>**MEMORANDUM AND ORDER** |

Plaintiff is *pro se*, and accordingly the Court broadly construes her claims. Plaintiff's initial complaint was dismissed without prejudice for failure to set forth a clear concise claim. Fed. R. Civ. P. 8. Plaintiff restated the claim in a First Amended Complaint (FAC) but the FAC was still incoherent because the FAC had many different pages and exhibits which did not coherently set forth a claim upon which relief could be granted. The defendant, New Jersey Developmental Center (NJDC) moved to partially dismiss the FAC based upon Eleventh Amendment protections. In response, Plaintiff attached to its opposition papers a Second Amended Complaint (SAC). In the SAC, Plaintiff alleges that Defendant North Jersey Developmental Center (NJDC), a state entity, and its employee, Defendant Carol Wolke (Wolke) discriminated against Plaintiff due to her race; and then retaliated against Plaintiff for filing a claim. The SAC sets forth a clear concise claim of Fed. R. Civ. P. 8. *See, Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This case commenced more than 18 months ago, and unfortunately remains in the pre-discovery phase which is inefficient administration of the case. It is appropriate to permit the filing of the Second Amended Complaint as is, and to evaluate the defense of the Eleventh Amendment in light of same. Accordingly, there are four counts in the Second Amended Complaint. They are:

- Count One alleges a breach of the Civil Rights Act under Title VII since NJDC and Wolke allegedly retaliated against Plaintiff for her filing a claim with the Equal Employment Office Commission (EEOC);

- Count Two alleges a breach of the Civil Rights Act under Title VII for race discrimination by NJDC and Wolke;

- Count Three alleges retaliation under the NJLAD (N.J.S.A. 10:5-1);

- Count Four alleges a breach of NJLAD for race discrimination by NJDC and Wolke;

In reviewing the Eleventh Amendment defense, the Third and Fourth Counts may not be maintained in federal court. In light of the Eleventh Amendment, a State may not be sued in federal court unless it consents to same. Here, NJDC, a state entity, has not consented to such a suit. *Pennhurst State School v. Halderman*, 465 U.S. 89, 99 (1984); *Elelman v. Jordan*, 415 U.S. 651, 677 (1974); *Garcia v. Stockton College*, 210 F. Supp. 2d 545 (D.N.J. 2002). Accordingly, the NJLAD claims are dismissed[1].

In addition, Plaintiff sues Wolke under Title VII. Under Title VII only an employer may be sued. In this case, Wolke is an employee, as opposed to the employer, NJDC. As such, Ms. Wolke is an improper defendant under the Title VII claim. *Sheridan v. E.I. DuPont*, 100 F. 3d 1061 (3rd Cir.) *en banc cert. denied*, 117 S. Ct. 2532 (1996); *Cortes v. University Med. & Dentistry*, 391 F. Supp. 2d 298, 311 (2005);

Based upon the above, it is on this 1st day of June, 2009

ORDERED:

1. The Second Amended Complaint may be filed;

---

[1] The First and Second Counts are distinguishable becasue they set forth a Title VII claim. Generally, a Title VII claim is not barred by the Eleventh Amendment. *Freeman v. Michigan*, 808 F. 2d 1174, 1177 (6th Cir. 1987).

2.  The Third and Fourth Counts of the Second Amended Complaint are dismissed with prejudice.

3.  With the regard to the First and Second Counts of the Second Amended Complaint, they are dismissed with prejudice against Wolke;

4.  The State's motion to dismiss the Second Amended Complaint for failure to state a claim is denied.

_____
PETER G. SHERIDAN, U.S.D.J.

June 1, 2009