# EXHIBIT 34

# (This Exhibit No. Not Used)

# EXHIBIT 35

**Subject:** CONFIDENTIAL Discrimination Complaint
**Date:** Sat, 25 Feb 2006 11:12:10 -0600
**From:** Bruce.Werkheiser@dhs.state.nj.us
**To:** Andrew.Sarchio@dhs.state.nj.us, Gary.Engel@dhs.state.nj.us, Marcia.Parchment@dhs.state.nj.us

Contents of this email are not to be shared.

Be advised I am in receipt of findings from Dr. Joseph relative to complaints made by Ms. Atkinson against Ms. Wolke that conclude "....a violation of the State Policy Prohibiting Discrimination, Harassment or Hostile Environments in the Workplace could not be substantiated."

The EEO investigation did conclude, however, that Ms. Wolke made an inappropriate statement, that they recommend should be addressed with administrative action.

I will be advising Ms. Lotts to meet with Gary Engel regarding action appropriate for the circumstances.

Gary, you may want to check with Don Mangus regarding the appropriate action; you can stop by my office to review the material relative to the action needed.

Bruce

This E-mail, including any attachments, may be intended solely for the personal and confidential use of the sender and recipient(s) named above. This message may include advisory, consultative and/or deliberative material and, as such, would be privileged and confidential and not a public document. Any Information in this e-mail identifying a client of the Department of Human Services is confidential. If you have received this e-mail in error, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it and you must delete this message. You are requested to notify the sender by return e-mail.

ATKINSON EEO 97



2/27/2006 9:17 AM

# EXHIBIT 36



North Jersey Developmental Center

Meeting Minutes

June 30, 2005

**To:** Bruce Werkheiser, CEO, Bernice Davis, ACEO, Marcia Parchment, PA, Gary Engel, ERO, Phyllis Atkinson, PCT, Theresa Wellington, ASPRL., Mike Buonagurio, CRN

**From:** Roxanne Lotts, RN
Director of Nursing

**Meeting Date:** June 28, 2005

**Time Started:** 12:15 PM

**Present:** Phyllis Atkinson, PCT, Theresa Wellington, CWA Union Representative, Roxanne Lotts, RN, DON

**Purpose of Meeting:** To address points of concern regarding a letter, that was given to Roxanne Lotts on Monday June 27, 2005 at 10:45 AM from Phyllis Atkinson.

Phyllis began stating that personally, she felt CW had mental issues. Phyllis stated she knows that CW removed the letter of complaint from Roxanne's mail slot on the 1st floor of the Health Care Center. When questioned, Phyllis admitted not seeing her remove the letter, but knew that she did, because "she does it all the time". Phyllis stated that CW goes through Roxanne's mail and her desk all the time. Phyllis stated that she has seen her in Roxanne's office after hours, and the Supervisor of Nursing desks, the employee clinic nurses desk too. Phyllis stated that Penni Brask, and Judy Hernandez (SNS's) have "gotten into it" with CW for going through their desks. Phyllis said, to Roxanne "you got a nut here, on staff." Theresa asked if there was a need or reason for CW to go into these desks? Roxanne stated that she would follow-up on this. Phyllis said that CW signed in and stayed at the shore all day and came back and signed out like she was here all day.

ATKINSON EEO 33

You need to follow-up on that too, and the fact that her and Donna go to Red Lobster and stay for hours and they signed their regular time like nothing happened. Roxanne stated that she was not aware of this, but that she would follow-up.

**The Job Duties** – Phyllis stated that while she was on LOA it was rumored that, CW said, that she was working on getting Phyllis out of the Health Care Center, and that Katia would be taking her job. Phyllis asked, why were her job duties taken away since she returned from LOA June 1, 2005? Roxanne stated that while Phyllis was on LOA (March – May 31) the work had to be done, because this is a business. Roxanne reiterated, that she asked Katia to coordinate the trips because of the LOA. Phyllis returned to work on Wednesday June 1, 2005. On Friday June 3, 2005 Roxanne left Phyllis a voice message stating that she would not be doing the Medical Trips until further notice, but that Roxanne wanted her to focus on the Data sheets because there had been a pending need for the sheets, to be updated into the computer. Phyllis' previous complaints were of overwhelming work loads, and this was Roxanne's rationale, for her decision. Roxanne stated that she was not aware of any plan to get her out of HCC, or to give Katia her Job.

Phyllis asked when, she would be resuming her duties back? Roxanne stated upon completion of all the data sheets. Phyllis informed Roxanne that upon her return, there was nothing in the computer, all the data was gone, so why was she picked to do all this, why her? Roxanne expressed that she was not aware of this fact until last Monday June 27, 2005 when she received her letter of complaint. Roxanne continued that she spoke with Paula to get clarification concerning this issue. Paula explained that the computer in the HCC crashed, and that now that information cannot be located as the result. That she was working on creating files for the Nurses in HCC to have assess to the information once completed. Roxanne asked Phyllis, who initially input the data years ago when we started using computers in the HCC? Phyllis stated, "I did".

Phyllis agreed to continue inputting the data, and Roxanne asked her the status, and she stated that she had completed 50 client records. Roxanne thanked Phyllis. Phyllis was

upset that Mike asked her to give him a daily report as to the number of data entries, she was inputting. Phyllis felt that because she called Roxanne on Tuesday requesting to work through her lunch to get her work done, and short time after the request, Mike requested to know the number of data entries. Phyllis thought that he or C.W. was checking up on her, and that "she was a grown woman". She felt that this was C.W.'s way of supervising her indirectly.

Roxanne asked Phyllis, if at any time since her return from LOA June 1, 2005, if C.W. had at any time said, or communicated anything to her? Phyllis said, "No". Roxanne asked Phyllis if she felt at anytime that Mike had been disrespectful to her, she said "No", "I don't have no problem with Mike, we get along". She stated that she did not trust C.W. because she was capable of anything. Roxanne addressed the statement in the letter.

Roxanne addressed the statement in the last paragraph of the letter, concerning, the poisonous snake, "the only way that you can stop a snake from biting you is to kill it". Roxanne said, to Phyllis that this was extremely "Strong Language", Phyllis said that, was the way that she felt, and that she had a right to say how she felt! She said, that she did not want this woman (CW) supervising her, directly or indirectly. Roxanne reminded her that CW was not supervising her while the investigation was going on, and that it could be 4-6 months before concluding. That nothing had changed since Phyllis' return from LOA, and that was, that CW was not supervising you. Roxanne said that she would follow up with Mike's statement concerning "I have a boss" as recommended by Theresa Wellington, to get clarity.

Roxanne requested;
1. Roxanne stated that in March 2005 she had recommended that Phyllis see Ron Bell, EAS, and as per Angela Sutton, Phyllis refused. Roxanne recommended again that Phyllis take the opportunity to see Ron Bell, EAS, especially regarding the content of "strong language" in the letter.

2. A second meeting with Union Representation, because Phyllis PES was due. Roxanne expressed this need so that Mike the Rater, Roxanne now, the Reviewer, and Phyllis the ratee, would all be going in the same direction especially in reference to the Developmental Plan.
3. That all letters of communication from Phyllis to Roxanne be E-Mailed.
4. Phyllis requested a special flex time in this meeting to address the needs of her foster children. It was clarified that Phyllis's hours were 9AM – 5 PM. Past alternatives were discussed, and recommended to Phyllis, were reiterated for the record. Roxanne requested that Phyllis e-mail her request of flex time.
5. Roxanne requested documentation of time changes from of an upcoming grievance date involving CW. Roxanne stated that she had not received anything, from the ERO regarding a date of the grievance. Phyllis could not remember the date. Roxanne asked her to call Antonette in the ERO's, and she would give her the date.

---

Discussion of the dropping of the "Red A"

Phyllis concerned that she had not been paid. Roxanne stated that the paperwork went to Timekeeping while she was on LOA, and that she needed a sign in, sign out form.

---

Roxanne stated that she would follow-up with timekeeping.

Roxanne and Phyllis thanked Theresa for her attendance and guidance at the meeting.

Meeting adjourned at @ 3PM.

# EXHIBIT 37

# (This Exhibit No. Not Used)

# EXHIBIT 38



# State of New Jersey
### DEPARTMENT OF HUMAN SERVICES
PO BOX 700
TRENTON, NJ 08625-0700

JON S. CORZINE
*Governor*

KEVIN M. RYAN
*Commissioner*

April 13, 2006

Phyllis Atkinson
317 East 30th Street
Paterson, NJ 07504

Dear Ms. Atkinson:

On or about March 29, 2005, you filed a complaint against Carole Wolke, Director of Nursing, at North Jersey Developmental Center, alleging discrimination based on race. Specifically, you alleged that Ms. Wolke rated you unfairly low on your PAR, issued new equipment to a white employee (Donna Corrado) and not to you, denied a vacation request, indirectly threatened your job status, and issued you a "red A" for attendance problems.

The Department of Human Services (DHS) neither condones nor tolerates any form of discriminatory behavior in the workplace. Therefore, the Northern Region Office of Equal Employment Opportunity (EEO) conducted an investigation of your complaint. The DHS Office of EEO and my office reviewed the findings of this investigation.

The investigation did not corroborate the allegation that Ms. Wolke unfairly rated you on your PAR. Ms. Wolke was not involved in the selection process for Ms. Corrado's position, nor did she make the decisions regarding her equipment. It is unclear when your 2004 vacation request was filed. The only document found was a November 19, 2004, request for time off starting November 23, 2004. The request was denied because of insufficient notice. No evidence was found to corroborate the allegation that Ms. Wolke threatened your job status. The red A was issued for being late without giving notice. However, it was rescinded after you disputed it. It was corroborated by a witness that Ms. Wolke told you, "I will get you," or words to that effect. However, it could not be determined if the remark was made because of race.

Based on the results of the investigation, it could not be substantiated that Carole Wolke violated the New Jersey State Policy Prohibiting Discrimination, Harassment or Hostile Environments in the Workplace. However, the appropriate administrative and/or disciplinary action will be taken regarding the inappropriate remark made by Ms. Wolke to you.

If you disagree with this determination, you have the right to file an appeal with the Merit System Board within twenty (20) days of your receipt of this letter. The appeal must be

*Advisory, Consultative, Deliberative and Confidential Communication*

ATKINSON EEO 39

*New Jersey Is An Equal Opportunity Employer ● Printed on Recycled Paper and Recyclable*



Page 2
Phyllis Atkinson

in writing, state the reason(s) for the appeal, and specify the relief requested. Please include all materials presented at the department level and a copy of this determination letter with your appeal. The appeal should be submitted to the Merit System Board, P.O. Box 312, Trenton, N.J. 08625-0312.

At this time, I would like to remind you that the State Policy prohibits retaliation against any employee who files a discrimination complaint or participates in a complaint investigation. Furthermore, this matter remains confidential and the results of the investigation should not be discussed with others.

Should you have any questions, please contact the DHS Office of EEO at (609) 292-2816.

Sincerely,

Alma Joseph

Alma M. Joseph, Ed.D.
Assistant Commissioner
for Human Resources

AMJ:EM:mc

c:  Office of the EEO Director
    ~~NRO - EEO~~
    Bruce Werkheiser, CEO
    Deborah Boykin-Greenberg, DOP

ATKINSON EEO 40

CONFIDENTIALITY NOTICE: This letter is intended for the sole use of the intended recipient and may include confidential and /or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply letter and destroy any copies of the original documents.

# EXHIBIT 39

# ADVISORY, CONSULTATIVE OR DELIBERATIVE COMMUNICATION
## NEW JERSEY DEPARTMENT OF HUMAN SERVICES
## OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY

**TO:** Bruce Werkheiser, CEO
North Jersey Developmental Center

**FROM:** Rudene L. Vaught, Acting Director
DHS Office of EEO

**SUBJECT:** Phyllis Atkinson, Discrimination Appeal
DOCKET NO. 2006-4633

**DATE:** April 11, 2007

I wish to report to you that the Merit System Board (MSB) has reviewed the discrimination complaint appeal of Ms. Atkinson, a Principal Clerk Typist with the North Jersey Developmental Center (NJDC). Ms. Atkinson filed a discrimination complaint against Carole Wolke, Assistant Director of Nursing Services 1 with NJDC, on the basis of race. The MSB denied Ms. Atkinson's appeal and upheld our determination that a violation of the State Policy Prohibiting Discrimination, Harassment, or Hostile Environments in the Workplace did not occur. However, in rendering their final decision, the MSB also ordered that Ms. Atkinson and Ms. Wolke be scheduled for training in conflict management and/or dealing with difficult people. Please contact this office when the recommended training has been scheduled.

This notice concludes any Final Administrative Action by the Board and we have closed our file on this matter. If you should have any questions, please do not hesitate to call the DHS Office of EEO at (609) 292-2816 or 292-5807.

RLV:rs
Enclosure

c: Carol Grant (with attachment)
Andrew Sarchio, HR Manager

ATKINSON EEO 41



# EXHIBIT 40

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

Phyllis Atkinson  
317 E. 30th Street  
Paterson, NJ 07504

From: Newark Area Office - 524  
1 Newark Center  
21st Floor  
Newark, NJ 07102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 171-2005-01365 | Jose G. Rosenberg, Supervisory Investigator | (973) 645-6021 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Joe Rosenberg_ (signature)

Corrado Gigante,  
Director

AUG 18 2006  
(Date Mailed)

Enclosures(s)

cc: **STATE OF NEW JERSEY**  
Office of the Attorney General  
Gerard Hughes, Deputy Attorney General  
25 Market Street  
PO Box 112  
Trenton, NJ 08625

ATKINSON EEO 43