PAULA T. DOW
Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey  08625-0112
Attorney for Defendant
North Jersey Developmental Center

By:     David Yi
        Deputy Attorney General
        (609) 292-9989
        David.yi@dol.lps.state.nj.us

| | | |
|---|---|---|
| PHYLLIS ATKINSON, | : | Civil Action No. 06-5485 (PGS) |
| | : | |
| Plaintiff, | : | <u>Civil Action</u> |
| | : | |
| v. | : | **AFFIDAVIT OF** |
| | : | **DAVID YI, DAG,** |
| NORTH JERSEY | : | **IN SUPPORT OF DEFENDANT'S** |
| DEVELOPMENTAL | : | **MOTION FOR SUMMARY JUDGMENT** |
| CENTER, | : | |
| | : | |
| Defendant. | : | |

David Yi, of full age, being duly sworn according to law, hereby depose and state:

1.      I am licensed to practice law in the State of New Jersey. I am employed by the

State of New Jersey, Department of Law and Public Safety, as a Deputy Attorney General.

2.      I represent the Defendant North Jersey Developmental Center ("NJDC")  in the

above-captioned matter.  I submit this Affidavit on behalf of Defendant in support of their

motion for summary judgment.  I am fully familiar with the proceedings held in this action.

3.      Annexed hereto as Exhibit A is a true and correct copy of Plaintiff Phyllis

Atkinson's Deposition, held on October 28, 2009, which is referred to in Defendant's Statement

Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

4.      Annexed hereto as Exhibit B is a true and correct copy of Plaintiff's Second

Amended Complaint, filed on April 21, 2009, which is referred to in Defendant's Statement

Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

5.      Annexed hereto as Exhibit C is a true and correct copy of Carole Wolke's written

and certified responses to Plaintiff's written deposition questions, dated March 29, 2010, which

is referred to in Defendant's Statement Material Facts Pursuant to Rule 56, and in the supporting

Memorandum of Law.

6.      Annexed hereto as Exhibit D is a true and correct copy of Plaintiff's Charge of

Discrimination filed with the Equal Employment Opportunity Commission, dated September 9,

2005, which is referred to in Defendant's Statement Material Facts Pursuant to Rule 56, and in

the supporting Memorandum of Law.

7.      Annexed hereto as Exhibit 1 is a true and correct copy of a letter written by

Plaintiff to Roxanne Lotts, dated September 28, 2004, and identified by Plaintiff at her

deposition in this matter, which is referred to in Defendant's Statement of  Material Facts

Pursuant to Rule 56, and in the supporting Memorandum of Law.

8.      Annexed hereto as Exhibit 2 is a true and correct copy of a Discrimination

Complaint Processing Form submitted by Plaintiff on March 29, 2005, and identified by Plaintiff

at her deposition in this matter, which is referred to in Defendant's Statement of  Material Facts

Pursuant to Rule 56, and in the supporting Memorandum of Law.

9.      Annexed hereto as Exhibit 3 is a true and complete copy of a memorandum

written by Roxanne Lotts to Marcia Parchment, dated April 4, 2005, which is referred to in

Defendant's Statement of  Material Facts Pursuant to Rule 56, and in the supporting

Memorandum of Law.

10.     Annexed hereto as Exhibit 3a is a true and complete copy of a written warning issued by Carole Wolke, dated February 15, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

11.     Annexed hereto as Exhibit 4 is a true and complete copy of a Workplace Violence Report Summary, submitted by Marcia Parchment and dated April 8, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

12.     Annexed hereto as Exhibit 5 is a true and complete copy of statement made by Carole Wolke to Ed McCabe, dated June 7, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

13.     Annexed hereto as Exhibit 6 is a true and complete copy of statement made by Roxanne Lotts to Ed McCabe, dated June 14, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

14.     Annexed hereto as Exhibit 7 is a true and complete copy of Plaintiff's 2001-02 Performance Assessment Review, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

15.     Annexed hereto as Exhibit 8 is a true and complete copy of Plaintiff's 2002-03 Performance Assessment Review, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

16.     Annexed hereto as Exhibit 9 is a true and accurate copy of Plaintiff's 2003-04

Performance Assessment Review, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

17.     Annexed hereto as Exhibit 10 is a true and accurate copy of Plaintiff's 2003-04 Interim Performance Assessment Review, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

18.     Annexed hereto as Exhibit 11 is a true and accurate copy of Plaintiff's 2004-05 Performance Assessment Review, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

19.     Annexed hereto as Exhibit 12 is a true and complete copy of a letter written by Plaintiff to Roxanne Lotts, dated December 1, 2004, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

20.     Annexed hereto as Exhibit 13 is a true and complete copy of a Christmas Card given by Carole Wolke to Plaintiff, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

21.     Annexed hereto as Exhibit 14 is a true and complete copy of statement made by Rizalina Orlanes to Ed McCabe, dated August 25, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

22.     Annexed hereto as Exhibit 15 is a true and complete copy of statement made by Sheila McCray to Ed McCabe, dated June 7, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

23.     Annexed hereto as Exhibit 16 is a true and complete copy of Plaintiff's request for vacation dated November 19, 2004, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

24.     Annexed hereto as Exhibit 17 is a true and complete copy of NJDC's sign-in sheet for the HCC-Unit 2 Nursing building, dated February 14, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

25.     Annexed hereto as Exhibit 18 is a true and complete copy of a phone call message slip dated February 14, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

26.     Annexed hereto as Exhibit 19 is a true and complete copy of a letter sent by Plaintiff to Roxanne Lotts, dated February 27, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

27.     Annexed hereto as Exhibit 19A is a true and complete copy of a Confidential Incident Statement signed by Mike Buongornio, dated February 15, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

28.     Annexed hereto as Exhibit 20 is a true and complete copy of statement made by Plaintiff to Ed McCabe, dated June 7, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

29.     Annexed hereto as Exhibit 21 is a true and complete copy of a Leave of Absence Request dated July 16, 2007, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

30.     Annexed hereto as Exhibit 22 is a true and complete copy of a Leave of Absence Request dated April 17, 2007, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

31.     Annexed hereto as Exhibit 23 is a true and complete copy of a Leave of Absence Request dated November 1, 2006, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

32.     Annexed hereto as Exhibit 24 is a true and complete copy of a Leave of Absence Request dated July 28, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

33.     Annexed hereto as Exhibit 25 is a true and complete copy of a Leave of Absence Request dated September 6, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

34.     Annexed hereto as Exhibit 26 is a true and complete copy of a Leave of Absence

Request dated March 5, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

35.     Annexed hereto as Exhibit 27 is a true and complete copy of the Department of Human Services Disciplinary Action Booklet, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

36.     Annexed hereto as Exhibit 28 is a true and complete copy of a Leave of Absence Request dated July 16, 2006, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

37.     Annexed hereto as Exhibit 29 is a true and complete copy of Plaintiff's Estimate of Retirement Benefits, dated June 8, 2007, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

38.      Annexed hereto as Exhibit 30 is a true and complete copy of a letter sent to Plaintiff by NJDC's Office of Personnel Services, dated December 5, 2003, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

39.     Annexed hereto as Exhibit 31 is a true and complete copy of a letter sent by Plaintiff to Roxanne Lotts dated June 17, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

40.     Annexed hereto as Exhibit 32 is a true and complete copy of a Workplace Violence Report Summary submitted by Marcia Parchment, dated July 25, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the

supporting Memorandum of Law.

41.     Annexed hereto as Exhibit 33 is a true and complete copy of a letter written by Plaintiff dated July 21, 2005, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

42.     Annexed hereto as Exhibit 35 is a true and complete copy of an electronic message sent by Bruce Werkheiser to Andrew Sarchio, Gary Engel, and Marcia Parchment, dated February 25, 2006, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

43.     Annexed hereto as Exhibit 36 is a true and complete copy of meeting minutes issued for a June 28, 2005, meeting with Plaintiff, Theresa Wellington, and Roxanne Lotts, dated June 28, 2005, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

44.     Annexed hereto as Exhibit 38 is a true and complete copy of a letter from Alma Joseph to Plaintiff, dated April 13, 2006, and identified by Plaintiff at her deposition in this matter, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

45.     Annexed hereto as Exhibit 39 is a true and complete copy of a memorandum issued by Rudene Vaught to Bruce Werkheiser, dated April 11, 2007, which is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the supporting Memorandum of Law.

46.     Annexed hereto as Exhibit 40 is a true and complete copy of a Notice of Dismissal and Notice of Rights sent by the Equal Employment Opportunity Commission to Plaintiff, dated August 18, 2006, and identified by Plaintiff at her deposition in this matter, which

is referred to in Defendant's Statement of Material Facts Pursuant to Rule 56, and in the

supporting Memorandum of Law.


I hereby certify that the foregoing statements made by me are true.  I understand that if

any of the foregoing statements are willfully false, I am subject to punishment.


**PAULA T. DOW**
**ATTORNEY GENERAL OF NEW JERSEY**

By: ___s/ David Yi_____
David Yi
Deputy Attorney General

Dated: May 21, 2010